[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by plaintiff-appellant Frances Pyles ("Pyles") from a judgment of the Court of Common Pleas of Auglaize County granting summary judgment to the City of St. Marys ("the City"), thereby dismissing the administrative appeal for lack of jurisdiction.
On May 2, 1988, Pyles was appointed to the position of Manager of Community/Industrial Development. At that time, the city had no classification system. On February 24, 1997, the City passed ordinance 96-12 which established a classification system for civil servants. Pyles' position was designated as unclassified. On March 3, 1997, Pyles filed an appeal of her classification with the Civil Service Commission ("the Commission"). The City filed a motion to dismiss because the Commission lacked jurisdiction. The City claims that since no change in Pyles' job has occurred, the issue is not ripe for review. On July 16, 1997, the Commission issued an opinion finding that it did have jurisdiction and that Pyles' position was properly labeled as unclassified.
On July 28, 1997, Pyles filed a notice of appeal with the common pleas court. The City filed a motion for summary judgment on the ground that the issue was not ripe for review on October 14, 1997. On January 9, 1998, the court granted the motion for summary judgment and dismissed the case. The court found that no change in circumstance had occurred, thus, Pyles has suffered no injury and the issue was not ripe for review. Pyles filed her notice of appeal on February 9, 1998.
Pyles presents the following assignments of error.
 The common pleas court erred in granting the City's motion for summary judgment where the City failed to meet its initial burden under Civ.R. 56 of adducing evidence to establish the basis for dismissal.
 The common pleas court erred in granting the City's motion for summary judgment where it failed to consider evidence outside the administrative record as required by R.C. 2506.03.
 The common pleas court erred in granting the City's motion for summary judgment, affirming the decision of the St. Marys Civil Service Commission where its rules did not preclude an employee's appeal from a change from the classified civil service to the unclassified civil service.
The Commission has authority to
 prescribe, amend, and enforce rules not inconsistent with this chapter for the classification of positions in the civil service of such city * * *; examinations and resignations therefore; for appointments, promotions, removals, transfers, layoffs, suspensions, reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein. The municipal civil service commission shall exercise all other powers and perform all other duties with respect to the civil service of such city * * * as prescribed in this chapter and conferred upon the director of administrative services and the state personnel board of review with respect to the civil service of the state; and all authority granted to the director and the board with respect to the service under their jurisdiction shall, except as otherwise provided by this chapter, be held to grant the same authority to the municipal civil service commission with respect to the service under its jurisdiction.
R.C. 124.40. Thus, the Commission has the authority to perform the following:
 Hear appeals, as provided by law, of employees in the classified [city] service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform his functions, to reassign an employee to another classification or to reclassify his position pursuant to a job audit under [R.C. 124.14(E)].
R.C. 124.03(A). These statutes provide the Commission with the authority to review decisions which affect classified employees. The Commission also has the authority to review decisions by the appointing authorities or director concerning the classification of a position. However, nothing in the statutes permits the Commission to review a legislative decision.
In this case, Pyles' position was designated as unclassified by a city ordinance. This designation was a legislative act, which is not subject to judicial review absent some actual injury caused by the statute. To review the claim before any injury has occurred would result in an advisory opinion on the ordinance. See Adams v. Wray, Director, Ohio Dept. of Transportation (Mar. 15, 1994), Franklin App. No. 93APE09-1283, unreported (holding that until the party has suffered injury due to a change in job classification from classified to unclassified, no justiciable issue exists).
Additionally, the Commission does not have the authority to review Pyles' case because she is not now nor was she ever a classified employee. For these reasons, the assignments of error are overruled and the judgment of the Court of Common Pleas of Auglaize County is affirmed.
Judgment affirmed.
SHAW, P.J., and EVANS, J., concur.